United States Court of Appeals
Fifth Circuit

**F I L E D**

August 2, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———

No. 06-40629

———

DAVID PHILLIPS

Plaintiff-Appellee

V.

CITY OF VICTORIA, ET AL

Defendants

VANCE RILEY, Fire Chief

Defendant-Appellant

———

Appeal from the United States District Court
for the Southern District of Texas, Victoria

———

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Vance Riley brings this interlocutory appeal from the denial of his motion for summary judgment based on qualified immunity and state official immunity, asserting that plaintiff-appellee David Phillips has not alleged the violation of a constitutional right and that Riley's own conduct was not objectively unreasonable in light of clearly established law.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Accepting Phillips's version of the facts as true, we conclude that Phillips alleges a violation of his First Amendment rights of speech and association. See Hitt v. Connell, 301 F.3d 240, 245 (5th Cir. 2002); Moore v. City of Kilgore, 877 F.2d 364, 376 (5th Cir. 1989); Boddie v. City of Columbus, 989 F.2d 745, 748-49 (5th Cir. 1993). Phillips, who was a fire fighter for the City of Victoria and president of the Victoria Fire Fighters Union ("VFFA") at the time of the events giving rise to this dispute, alleges that Riley, fire chief for the City of Victoria, suspended Phillips's city driving permit because he submitted a signed grievance to the City of Victoria on behalf of the VFFA asserting that Riley had made "reckless, dangerous, and hazardous decisions and judgements in the delivery of the Fire Department's services to the public," and calling for Riley's termination. Riley concedes that the suspension of Phillips's city driving permit is an adverse employment action. And Riley does not challenge the district court's determinations that Phillips's grievance was speech related to a matter of public concern and Phillips's interest in speech and association outweighed the city's interest in promoting efficiency. Finally, the district court determined that the summary judgment evidence created a genuine fact issue regarding whether Riley's conduct was motivated by Phillips's grievance against Riley.

Riley raises three arguments on appeal challenging the district court's assessment of the summary judgment evidence. It is well-established that on interlocutory appeal we lack jurisdiction to challenge the district court's determination regarding the sufficiency of the evidence, that is, whether there is enough summary judgment evidence in the record for a jury to conclude that certain facts are true. See Johnson v. Jones, 515 U.S. 304, 313 (1995). We consider only "whether the district court erred in assessing the legal significance

2

of the conduct that the district court deemed sufficiently supported for purposes of summary judgment." Kinney v. Weaver, 367 F.3d 337, 348 (5th Cir. 2004) (en banc).

Riley argues that Phillips's summary judgment evidence is insufficient to establish that Riley's decision to suspend Phillips's city driving permit was motivated by Phillips's grievance against Riley. He contends that he suspended Phillips's city driving permit because Phillips drove his motorcycle off-duty while intoxicated and was involved in an accident. Riley further argues that the suspension was inevitable under city policy and that only the City Manager had the authority to impose any less discipline.[1] But the district court determined that Phillips's summary judgment evidence was sufficient to create genuine fact issues regarding whether Riley's decision to suspend Phillips's city driving permit was motivated by Phillips's grievance against Riley and whether the suspension was inevitable. The district court relied on Riley's "extraordinary" investigation of Phillips's motorcycle accident in which Riley told the district attorney that he hoped he "didn't give leniency" to Phillips and evidence that Phillips was treated differently than other fire fighters whose conduct violated the fire department employee manual. The summary judgment record also shows that Riley told Phillips's attorney that Phillips's employment would not be affected as long as he was not convicted of driving while intoxicated (which he was not) and that Phillips's accident did not fall under any of the circumstances in the city's "Driving of Vehicles" policy that required the

---

[1] At oral argument Riley shifted his argument from whether Riley himself inevitably would have suspended Phillips's city driving permit (as he argued below) to whether City Manager Denny Arnold and Assistant City Manager Charles Windwehen inevitably would have suspended Phillips's city driving permit. We will not address arguments raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

suspension of his city driving permit. Because Riley disputes the sufficiency of Phillips's evidence and we lack jurisdiction to review a district court's "determination that the evidence is sufficient to permit a particular finding of fact after trial," Johnson, 515 U.S. at 314, we lack jurisdiction to consider these portions of Riley's appeal.[2]

Riley also contends that City Manager Denny Arnold and not Riley was the final decision maker in the decision to suspend Phillips's city driving permit. The district court, relying on our decision in Hitt, 301 F.3d at 248-49, determined that "Riley was the final decision-maker for purposes of determining causation" because Assistant City Manager Charles Windwehen and Arnold reviewed Riley's decision only after Phillips chose to appeal Riley's decision, and without the elective review, Riley's decision to suspend Phillips would have been final. Riley asserts that the summary judgment evidence,[3] particularly Arnold's affidavit, "unquestionably establishes" that Arnold made the final decision to suspend Phillips's city driving permit, and therefore Hitt is distinguishable. To the extent that Riley's arguments are fact-based, they are misplaced in this interlocutory appeal. We lack jurisdiction to review the correctness of the district court's conclusion, on the summary judgment record, that Riley was the

---

[2] Riley contends that he is entitled to state official immunity from Phillips's state law claim for the same reason that he is entitled to qualified immunity—because he has established "that he has not denied Phillips public employment because of his membership or non-membership in a labor organization." Because Riley's argument for official immunity relies solely on the sufficiency of Phillips's evidence, we lack jurisdiction to address this portion of Riley's appeal. Johnson, 515 U.S. at 314.

[3] Riley's final-decision-maker argument on appeal relies heavily on the City Charter for the City of Victoria. Unfortunately, Riley did not make this argument in the district court proceedings and the City Charter is not part of the record on appeal. Accordingly, counsel for Riley improperly included the City Charter at Tab 6 of Riley's record excerpts. See 5TH CIR. R. 30.1.

final decision maker for purposes of causation.  See Kinney, 167 F.3d at 361; Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 n.4 (5th Cir. 1997).

To the extent that Riley argues that the district court erred in assessing the legal import of the summary judgment evidence by applying an incorrect legal framework to that evidence, we conclude that the district court did not err. The district court noted that Arnold's affidavit stated that the decision to suspend Phillips's city driving permit was not final until Arnold and Windwehen completed their independent reviews.  But our decision in Hitt makes clear that "the mere authority to review an employment decision is not decisive."  Hitt, 301 F.3d at 248-49.  Under Hitt, other relevant factors, phrased in relation to the instant case, include whether Riley has the authority to suspend Phillips's city driving permit, whether Windwehen's and Arnold's reviews are merely elective on the part of the employee or instead are necessary to finalize the decision, and whether their review is for "conformity with applicable law and regulations." Id.; see also Quinn v. Monroe County, 330 F.3d 1320, 1328 (11th Cir. 2003). Based on the facts the district court deemed to be sufficiently supported by the record, the district court did not err in concluding that Hitt governs the instant case.[4]

---

[4] Riley also argues that the district court erred in relying on Hitt instead of our decision in Brown v. City of Houston, 337 F.3d 539 (5th Cir. 2003).  Brown is inapposite; it is a case in which the issue is whether municipal liability can be imposed based on allegedly discriminatory action by the mayor, who was alleged by the plaintiff to be a policymaker for the city.  See generally Quinn, 330 F.3d at 1326 (distinguishing between the policy-maker and final-decision-maker inquiries).  In Brown, we concluded that the mayor was not a policymaker for purposes of imposing municipal liability for the plaintiff's firing because the mayor placed an employee on indefinite suspension and had only that limited power under the city's code. The mayor's decision was "subject to review" by the Civil Service Commission, which actually terminated the plaintiff, having the power to make the "'final' decision to 'sustain the action, lessen the penalty, increase the penalty, or reject the action of the mayor.'" Brown, 337 F.3d

Riley also raises challenges to the admissibility of Phillips's summary judgment evidence. On interlocutory appeal, we limit our review to the evidence that was critical to the district court's denial of summary judgment. See Mersch v. City of Dallas, Tex., 207 F.3d 732, 735 (5th Cir. 2000). We review a district court's evidentiary rulings for abuse of discretion. Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 423 (5th Cir. 2006).[5]

First, the district court did not abuse its discretion in denying Riley's motion to exclude Chris Hamrick's affidavit. Riley's argument of prejudice is belied by his own affidavit, which shows that Riley was not deprived of any opportunity to respond in detail to the situation described by Hamrick. Riley's argument that Hamrick's affidavit is irrelevant fails because the affidavit was relied on to show Riley's intent, and intent is a critical element of a First Amendment retaliation claim. See generally Kinney, 367 F.3d at 373 n.42. Second, Riley's argument that his testimony regarding fire fighter Shawn Hoff is irrelevant fails. Because Hoff was rumored to have reported to work intoxicated and that rumor was investigated, Hoff's situation is not irrelevant to the question whether Phillips was treated differently than other fire fighters in that regard.

Riley next argues that his decision to suspend Phillips's city driving permit did not violate a clearly established constitutional right because he suspended Phillips's city driving permit for driving while intoxicated, and Phillips has no clearly established constitutional right to violate city policy by driving while

---

at 541 (quoting the city code).

[5] Riley asks us to "strike" the portions of his deposition that are not properly cited in Phillips's brief. This challenge has no merit because Phillips properly cited to the portion of Riley's deposition upon which the district court relied.

intoxicated. Riley's argument improperly advances his version of the genuinely disputed facts concerning what motivated him to suspend Phillips's city driving permit. Beyond advancing his version of the factual dispute, Riley does not challenge the district court's legal conclusion that the violation of the rights Phillips alleges are clearly established. Nor could he succeed if he did. Here, Phillips alleges that Riley suspended his city driving permit because Phillips filed a grievance against Riley on behalf of the VFFA. In Moore, we held that a fire fighter's public speech regarding a staffing shortage in the fire department and the shortage's impact on fire fighter and public safety was related to a matter of public concern such that the subsequent suspension of the fire fighter on the basis of his speech violated the First Amendment. 877 F.2d at 376. And this court has held it clearly established that a government employer violates the First Amendment when he retaliates against an employee for engaging in union activities. See, e.g., Boddie, 989 F.2d at 748-49.

Finally, Riley contends that even if Phillips's constitutional rights were violated, his own conduct in suspending Phillips was objectively reasonable because (1) an arguable basis existed for his actions given city practice, (2) Windwehen and Arnold agreed with his decision to suspend Phillips's city driving permit, and (3) Phillips's misconduct required suspension. But each argument again improperly hinges on Riley's version of the genuinely disputed facts concerning what motivated Riley's decision to suspend Phillips's driving permit and whether Phillips's suspension was inevitable. Intent is a "critical element" of a First Amendment retaliation claim. Tompkins v. Vickers, 26 F.3d 603, 607 (5th Cir. 1994); see also Crawford-El v. Britton, 523 U.S. 574, 588-89 (1998). When reviewing the objective reasonableness of an official's conduct, we

7

do not disregard the district court's conclusion that a genuine issue of fact exists regarding the official's intent: "[w]hen an official's intent or the reasons for his or her actions are an essential element of the underlying violation, we have treated factual disputes over intent just like any other factual dispute that can justify a denial of qualified immunity." Kinney, 367 F.3d at 373 & n.43 (collecting cases); see also Locurto v. Safir, 264 F.3d 154, 169 (2d Cir. 2001). Riley's conduct, as presented in the summary judgment record and viewed in Phillips's favor, was objectively unreasonable in light of clearly established law. See Moore, 877 F.2d at 376; Boddie, 989 F.2d at 748.

For the foregoing reasons, the order of the district court denying Riley's motion for summary judgment is AFFIRMED.