CORRECTED
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-60416
Summary Calendar

DERRICK DARNELL PAYNE

Plaintiff-Appellee

v.

KENNY DICKERSON, Sheriff, in his individual and official capacities; RIC
PRECIADO, Marshall County Deputy, in his individual and official capacities

Defendants-Appellants

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:07-CV-3

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

   Kenny Dickerson and Ric Preciado appeal the district court's judgment denying in part their motion for summary judgment based on qualified immunity. Derrick Darnell Payne has filed a motion to dismiss the appeal for lack of jurisdiction, arguing that the denial of a motion for summary judgment based on qualified immunity is not immediately appealable. "The denial of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for summary judgment based on qualified immunity is immediately appealable under the collateral order doctrine to the extent that it turns on an issue of law." Flores v. City of Palacios, 381 F.3d 391, 393 (5th Cir. 2004) (internal quotation marks and citation omitted). The court has jurisdiction to determine as a matter of law whether Preciado and Dickerson are entitled to qualified immunity after accepting all of Payne's factual allegations as true. See Freeman v. Gore, 483 F.3d 404, 410 (5th Cir. 2007). Accordingly, Payne's motion to dismiss is denied.

Preciado argues that the district court erred in determining that he was not entitled to qualified immunity from liability on Payne's excessive use of force claim. Preciado argues that Payne has not asserted that he suffered at least some injury as a result of the excessive use of force and that his actions were not excessive or objectively unreasonable because he had to respond and subdue Payne when Payne resisted arrest.

Preciado has not shown that the district court erred in determining he was not entitled to qualified immunity from liability on Payne's excessive use of force claim. Payne has alleged the violation of a clearly established Fourth Amendment's right not to be subjected to excessive force by police officers. See Colston v. Barnhart, 130 F.3d 96, 102 (5th Cir. 1997). Payne's allegations in his verified complaint may serve as competent summary judgment evidence. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). Payne has made sufficient allegations that he suffered more than a de minimis injury as a result of the alleged excessive use of force as he alleges that he was thrown head first into a ditch and that he now suffers chronic migraine headaches. Payne's chronic migraine headaches could have been caused by hitting his head when he was thrown down head first into the ditch. Payne need not show a substantial injury. See Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999). Payne does not concede that he was resisting arrest when Preciado used force against him. Rather, Payne alleged that he tried to stop Preciado from searching the vehicle

by moving to block the passenger door of the vehicle. Preciado has not shown that, under Payne's version of the facts, Preciado's actions were objectively reasonable "in light of clearly established law at the time of the conduct in question." See Freeman, 483 F.3d at 410-11. Therefore, he has not shown that the district court erred in determining that he was not entitled to qualified immunity. See id.

Dickerson argues that the district court erred in determining that he was not entitled to qualified immunity from liability on Payne's claim that Dickerson's interrogation of him was coercive. Dickerson argues that he advised Payne of his Miranda[1] rights; Payne signed a waiver of those rights; there is no evidence that Payne was beaten or coerced into providing a statement; and Payne voluntarily signed a statement in which he confessed to a crime. Dickerson argues that the interrogation lasted only one hour and that Payne's allegations that he was denied water and that Dickerson threatened to arrest other family members are not so egregious as to "shock the conscience."

Dickerson has not shown that the magistrate judge erred in determining that he was not entitled to qualified immunity. Payne's allegations in his verified complaint may serve as competent summary judgment evidence. See King, 31 F.3d at 346. Payne has alleged a violation of a clearly established constitutional substantive due process right not to be subjected to coercive interrogation. See Chavez v. Martinez, 538 U.S. 760, 773-75 (2003). Payne's allegations indicate that the circumstances surrounding the interrogation were coercive. Dickerson placed Payne into a hot closed police car on a hot day in June for approximately 30 minutes after his arrest and denied him water from the time of his arrest until the next day after the interrogation. Although Payne repeatedly requested an attorney, Dickerson did not allow Payne to call an attorney, did not provide an attorney, and continued to interrogate Payne even

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

though he had asserted his right to counsel. Dickerson arrested Payne's cousin, Chester Faulkner, and two other family members; and Dickerson threatened to arrest Payne's mother. Dickerson has not shown that, under Payne's version of the facts, his actions were objectively reasonable "in light of clearly established law at the time of the conduct in question." See Freeman, 483 F.3d at 410-11; see also Chavez, 538 U.S. at 774-77, 780. Therefore, Dickerson has not shown that the district court erred in determining that he was not entitled to qualified immunity on Payne's substantive due process claim.

APPEAL DISMISSED.