# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-61073
Summary Calendar

RODERICK CLARK MILLER

Plaintiff - Appellee

v.

CAPTAIN RICK GASTON, Booking Supervisor, Officially and In His
Individual Capacity

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CV-541

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This is an interlocutory appeal from the district court's denial of Appellant Rick Gaston's motion for summary judgment and claim of qualified immunity.[1] For the reasons set forth below, we REVERSE the district court order and RENDER judgment in favor of Gaston.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Appellee Miller failed to respond to Gaston's motion for summary judgment and has similarly failed to respond to Gaston's appeal.

As this is an interlocutory appeal of a denial of qualified immunity, our jurisdiction extends "only 'to the extent that [the denial of summary judgment] turns on an issue of law." *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806 (1985)) (brackets in *Kinney*). "Stated differently, in an interlocutory appeal we cannot challenge the district court's assessments regarding the sufficiency of the evidence-that is, the question whether there is enough evidence in the record for a jury to conclude that certain facts are true." *Id.* at 346-47. Instead, we "consider only whether the district court erred in assessing the legal significance of the conduct that the district court deemed sufficiently supported for purposes of summary judgment." *Id.* at 348 (citing *Behrens v. Pelletier*, 516 U.S. 299, 313, 116 S.Ct. 834 (1996); *Johnson v. Jones*, 515 U.S. 304, 313, 115 S.Ct. 2151 (1995)). Nevertheless, "[w]here, as here, the admissibility of particular evidence is critical to a summary judgment founded on qualified immunity, this court has not hesitated to review the admissibility of the evidence on appeal." *Mersch v. City of Dallas, Tex.*, 207 F.3d 732, 735 (5th Cir. 2000) (reversing district court's denial of qualified immunity on summary judgment when it was solely based on inadmissible evidence) (citing *Hayter v. City of Mount Vernon*, 154 F.3d 269, 274 (5th Cir. 1998)).

In the instant case, the district court concluded that Gaston, who was Supervisor of Booking at the detention center where Miller was held, did not personally engage in the constitutional deprivations allegedly committed against Miller, nor did Gaston have any knowledge of them. The district court, however, concluded that a genuine issue of fact existed over whether Gaston violated 42 U.S.C. § 1983 by failing to properly supervise his deputies who did allegedly abuse Miller. The court also found a genuine dispute of fact existed over whether Gaston conspired with others to deprive Miller of his civil rights under § 1985, and whether Gaston was otherwise liable under state law. The district

court made these determinations based exclusively on Miller's deposition testimony. In his deposition, Miller stated that he heard other parties testify in an unrelated proceeding that Gaston allowed prisoner abuse by his deputies and that Gaston implemented his own policies of "abuse" and "torture." Miller further stated that Gaston's abusive practices were "common knowledge."

The evidence in Miller's deposition is hearsay that is not subject to any qualifying exception. *See* FED. R. EVID. 801(c) (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). As Miller's testimony regarding Gaston's alleged liability is hearsay, it is inadmissible for summary judgment purposes. *See Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995) ("Evidence on summary judgment may be considered to the extent not based on hearsay or other information excludable at trial."); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991) ("Material that is inadmissible will not be considered on a motion for summary judgment because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless.") (internal quotes and citations omitted).

Miller's deposition testimony is the only evidence the district court cites that implicates Gaston in Miller's alleged harm. Such evidence is therefore critical to the district court's denial of summary judgment. Indeed, "[w]ithout that testimony, [Miller] has no case." *Mersch*, 207 F.3d at 737. As this evidence is clearly inadmissible, the district court committed manifest error in denying Gaston summary judgment on his claim of qualified immunity. *See id.*

Accordingly, we REVERSE the district court order denying judgment for the defendant Gaston and RENDER judgment in favor of Gaston.

REVERSED and RENDERED.