# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2013

No. 13-30137

Lyle W. Cayce
Clerk

JACKIE DANOS,

Plaintiff–Appellant,

v.

UNION CARBIDE CORPORATION;
DOW CHEMICAL COMPANY;
KIRBY INLAND MARINE, L.P.,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-2491

Before HIGGINBOTHAM, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jackie Danos appeals the district court's grant of summary judgment in favor of Dow Chemical Company and Kirby Inland Marine, L.C. (collectively Defendants), on his claims of negligence and unseaworthiness under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

section 905(b) of the Longshoremen's and Harbor Workers' Compensation Act. We affirm.

## I

Danos alleges that his eyes and face were injured when "he was struck in the face" by a spew rod while working on a barge owned by Kirby.  A spew rod is a steel rod that rises and lowers to measure the level of liquid in the barge. At the time of the incident the barge was alongside the Dow Taft Number 1 Dock to discharge its liquid cargo into shore tanks.  Liquid is discharged by increasing pressure in a barge's hold, forcing the liquid out as the pressure builds.   When Danos boarded the barge the spew rod was already raised.  He twice pushed the rod down and unsuccessfully attempted to close the spew valve to prevent it from popping up again.[1]  Following his third try to secure the spew rod, the rod shot up and struck him in the face.  During this process, the pressure in the barge did not exceed 90 pounds per square inch (p.s.i.).  The pressure required to empty the liquid from the barge is around 200 p.s.i.

More than a year after Danos filed his complaint, Kirby moved for summary judgment.  Danos did not oppose the motion, and the district court granted it.  Danos subsequently filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e).  The district court denied this motion, concluding that reconsideration was not merited and because there were no genuine issues of material fact.

Subsequently, defendants Union Carbide and Dow Chemical moved for summary judgment.  Danos filed a motion to compel discovery that was set for hearing before the magistrate judge.  Danos then opposed the motion for summary judgment on the ground that the district court should defer ruling, citing what is now Rule 56(d), until Danos could obtain a ruling on the motion to compel.  The magistrate judge granted Danos's motion to compel discovery.

---

[1] R. 279, 281-82.

On that same day, however, the district court rejected Danos's contentions and granted summary judgment. Danos now appeals the grants of summary judgment for Kirby and Dow Chemical.[2]

## II

This court reviews the denial of a motion for reconsideration under Rule 59(e) for abuse of discretion.[3] However, if a district court considers new evidence that is attached to the motion for reconsideration and still grants summary judgment, the appropriate standard of appellate review is de novo.[4]

This court reviews the grant of summary judgment de novo, applying the same standards as the district court.[5] A district court's denial of a request to conduct additional discovery under Rule 56(d) is reviewed for abuse of discretion.[6]

## III

The first issue raised by Danos is that the district court erred in denying his motion for reconsideration of the order granting summary judgment in favor of Kirby because the district court failed to apply the appropriate factors governing a motion for reconsideration and because Danos raised genuine issues of material fact. Both parties allege that the applicable standard of review is "unclear" because it is not obvious from the district court opinion whether that court simply denied the motion to reconsider or whether it reviewed the supplemental motion in opposition to summary judgment that was attached to the motion to reconsider and then nevertheless granted summary judgement.

---

[2] Danos moved to voluntarily dismiss his claims against Union Carbide in the district court. This motion was granted on December 12, 2012, and the claims against Union Carbide were dismissed without prejudice.

[3] *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006).

[4] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004).

[5] *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013).

[6] *Accent Packaging, Inc., v. Leggett & Platt, Inc.*, 707 F.3d 1318, 1325 (5th Cir. 2013).

No. 13-30137

Under either an abuse of discretion or a de novo  standard of review, however, we affirm the district court based on the record before us.

If a party fails to oppose a motion for summary judgment, then the district court is permitted to consider the facts listed in support of the motion as undisputed and grant summary judgment if those facts would entitle the movant to judgment as a matter of law.[7]  The district court found that Danos's negligence claims failed because there was no evidence that suggested that Kirby violated any of the three duties imposed on a vessel owner under *Scindia Steam Navigation Co. v. De Los Santos*,[8] which are: the duty to turn over a reasonably safe vessel, the duty to protect against hazards under the vessel's active control, and the duty to intervene.[9]  The only finding that Danos now challenges is that Kirby did not breach its duty to turn over a reasonably safe vessel as a matter of law.  As the district court emphasized, this turnover duty is not violated if the alleged danger is "open and obvious" or if it is a danger that "a reasonably competent stevedore should anticipate encountering."[10]

The evidence in this case clearly points to the conclusion that the allegedly defective spew rod was an open and obvious condition.  Danos's own deposition testimony admits that he was aware of the fact that spew rods can pop up and that this spew rod cap was missing a cap and chain.  Further, Danos's two prior attempts to lower the spew rod before it popped up a third time certainly alerted him to the spew rod's danger.  Danos provided no evidence to the district court that disputes this evidence or that raises a genuine issue of material fact.  On appeal, Danos argues for the first time that even if the condition were open and

---

[7] *Savers Fed. S&L Ass'n v. Reetz*, 888 F.2d 1497, 1501 (5th Cir. 1989); *Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988).

[8] 451 U.S. 156 (1981).

[9] *Scindia Steam Navigation Co.*, 451 U.S. at 166-67.

[10] *Kirksey v. Tonghai Mar.*, 535 F.3d 388, 392 (5th Cir. 2008).

obvious, this should not bar his recovery because an open and obvious defect does not prevent recovery when the stevedore has no alternative but to use the defective equipment. However, even if this raised a genuine issue of material fact, Danos cannot raise a new theory of recovery on appeal that was not presented to the court below.[11]

Danos also argues that the district court applied an incorrect standard when it reviewed his motion for reconsideration. This argument also fails. The district court correctly applied the balancing test set forth in *Templet v. HydroChem*.[12] The court did not abuse its "considerable discretion" in deciding not to reopen the case. This is especially true given that the district court alternatively found, and we agree, that even if the motion for reconsideration had been granted, Danos failed to raise any genuine issues of material fact.

## IV

The second issue raised by Danos is that the district court erred in granting summary judgment to Dow Chemical because the court abused its discretion by failing to grant Danos's Rule 56(d) motion to defer ruling on the summary judgment motion until the magistrate judge decided the pending motion to compel discovery. Generally, Rule 56(d) motions are favored and should be liberally granted.[13] However, a district court has broad discretion over discovery matters and may deny such a continuance if the party seeking it has failed to pursue discovery diligently enough to warrant relief or has failed to justify why the relief should be granted.[14] To support a motion for additional discovery the movant must show (1) why additional discovery is

---

[11] *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996) ("[This] Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory.").

[12] 367 F.3d 473 (5th Cir. 2004).

[13] *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999).

[14] *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001).

necessary and (2) "how the additional discovery will likely create a genuine issue of material fact."[15]  Finally, these claims must be supported with some particularity.  A plaintiff "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts."[16]

The district court acted within its discretion in denying Danos's Rule 56(d) motion.  The motion for summary judgment was filed over one year after the lawsuit was filed.  In that time Danos did not once request the deposition of any Dow employee, nor did he pursue his discovery requests or seek to inspect Dow's facility.  Danos opposed summary judgment on the ground that the district court should await the outcome of the pending motion to compel.  But the motion to compel was not filed until after the defendants moved for summary judgment.

Not only was Danos less than diligent in pursuing discovery before the motion for summary judgment was filed, he has failed to demonstrate how receiving more time would allow him to defeat summary judgment.  In the supporting affidavit, Danos's counsel asserted that the continuance was justified because "plaintiff seeks to explore the procedures of Dow regarding the discharge procedures at its Dow Taft dock where the plaintiff's accident occurred, which involved pressurizing barges."  But as the district court rightly pointed out, plaintiff, in his deposition testimony, already conceded that the pressurizing procedure was not the cause of his injury.  Simply asserting that discovery is incomplete is not enough to establish that a case is not ripe for summary judgment.[17]

---

[15] *Stearns Airport Equip.*, 170 F.3d at 534-35.

[16] *Beattie*, 254 F.3d at 606 (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)).

[17] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1396 (5th Cir. 1994).

No. 13-30137

It is true that this case presents the added twist that the magistrate judge partially granted Danos's motion to compel discovery on the same day that the district court granted the defendants' motion for summary judgment. However, the district court granted summary judgment with knowledge of the pending motion to compel. Danos has simply not shown that, on this record, the district court acted beyond the bounds of its discretion over discovery matters. Based on these facts, we conclude that the district court did not abuse its discretion in denying Danos additional time to conduct further discovery and ruling on the defendants' summary judgment motion.

*     *     *

AFFIRMED.