# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2014

Lyle W. Cayce
Clerk

No. 13-40557
Summary Calendar

EDWIN GUS SCHNEIDER,

Plaintiff-Appellant

v.

JIM KAELIN; LIEUTENANT M. GOMEZ; CORRECTIONS OFFICER MARK MARTINEZ; CORRECTIONS OFFICER JOSHUA SORENSEN; CORRECTIONS OFFICER CHRIS HALLER,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CV-233

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Edwin Gus Schneider, Texas prisoner # 867105, appeals from the grant of summary judgment for the defendants in his 42 U.S.C. § 1983 civil rights action. He contends that the district court erred by granting summary judgment on his excessive force claim; that the district court made errors as to evidence and discovery; and that the district court erred by denying his motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for appointment of counsel.  Schneider also moves for appointment of counsel on appeal; that motion is DENIED.

We review the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.,* 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (internal quotation marks and citation omitted).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by" citing to the record or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1).

When assessing whether a defendant used excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, the "core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 7 (1992).  To determine whether the use of force was excessive, this court evaluates five nonexclusive factors: (1) the extent of the injury suffered by the inmate; (2) the need for the application of force; (3) the relationship between the need for force and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) efforts made to temper the severity of a forceful response. *Id.* (citation omitted).

A "significant injury" is not a threshold requirement for establishing an excessive-force claim. *Wilkins v. Gaddy,* 559 U.S. 34, 37-38 (2010); *Hudson,* 503 U.S. at 7. However, the lack of a substantial injury can be relevant to whether excessive force was used; "the extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation." *Hudson*, 503 U.S. at 7 (citation and internal quotation marks omitted). Also, the extent of an inmate's injury may provide some indication of the amount of force applied. *Wilkins*, 559 U.S. at 37.

Schneider's action is based on the defendants' use of force to take him to the ground and restrain him after he became agitated in his cell. We have reviewed a video of the incident, the sworn statements of Schneider and the defendants, and the other evidence in the record. Schneider's account of the use of force differed significantly from the defendants' account and from the actions depicted on the video. The video showed Schneider kicking the door hard several times. He became agitated as he spoke. He placed his hands down at his side as the officers entered the cell. The officers appeared to be manipulating his body in order to put his hands behind his back and place restraints on him. One officer's arm came close to Schneider's head and neck, but he pulled the arm down as if to yank Schneider's hands in to place in order for restraints to be placed on him.

Although this court reviews the summary judgment evidence in the light most favorable to the nonmoving party, greater weight is given "to the facts evident from video recordings taken at the scene." *Carnaby v. City of Houston,* 636 F.3d 183, 187 (5th Cir. 2011). Thus, "[a] court of appeals need not rely on the plaintiff's description of the facts where the record discredits that

description but should instead consider the facts in the light depicted by the videotape." *Id.* (internal quotation marks and citation omitted).

The video suggests that Schneider was in an extremely agitated state of mind. The defendants' affidavits indicate that they believed Schneider needed to be made to calm down, and two of the defendants believed Schneider's behavior could become self-injurious. The defendants were justified in restraining Schneider, both to calm him and to protect him from himself. The defendants pulled Schneider away from the wall so he would not hit his head, and he resisted their attempts to place restraints on him, leading to a ground struggle as the defendants attempted to place the restraints. The defendants used as much force as was necessary to restrain Schneider. Moreover, the x-ray report and clinic note in the record indicated that Schneider suffered no neck damage from the incident, and that any persistent pain resulted from his prior surgery and the insertion of hardware. Moreover, Schneider was examined shortly after he was restrained, and the record does not indicate that any injuries were noted.

The use of force against Schneider was justified, and the amount of force used was proportionate to the need to restrain him without injuring him. The record indicates that force was used in a good-faith attempt to restore order and that there was no intent to harm Schneider. *Hudson*, 503 U.S. at 7.

A district court has broad discretion over discovery in summary judgment proceedings. *Danos v. Union Carbide Corp.,* 541 F. App'x 464, 467 (5th Cir. 2013). A party may not rely on vague assertions about what further discovery might reveal. *Beattie v. Madison Cnty. Sch. Dist.,* 254 F.3d 595, 606 (5th Cir. 2001). The party "must show (1) why [he] needs additional discovery and (2) how that discovery will create a genuine issue of material fact." *Id.*

Schneider argues that his medical records from the state prison system would show a diagnosis of a back injury.  To the extent Schneider might have wanted the county jail defendants to obtain his state prison medical records, defense counsel likely is correct that the defendants could not obtain them for him.  Moreover, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Hudson,* 503 U.S. at 9.  The justifiable, proportionate use of force depicted in the video was not rendered excessive solely because it might have exacerbated a preexisting condition.  *See Dunn v. Denk,* 79 F.3d 401, 403 (5th Cir. 1996) (en banc) (noting that no recovery is available when a use of force is reasonable, though a plaintiff may recover when a preexisting condition is aggravated by the use of excessive force).  To the extent Schneider sought to show that his preexisting back condition was made worse, he could not have presented a genuine issue of material fact, and the magistrate judge need not have waited for Schneider's prison medical records before granting summary judgment.  *See Beattie,* 254 F.3d at 606.  The district court denied Schneider's request to rely on a prison medical record when it denied his Rule 59(e) motion.  That denial was not an abuse of discretion.  *See Ross v. Marshall,* 426 F.3d 745, 763 (5th Cir. 2005).

As for the video, it was placed in the mail, to Schneider, by defense counsel, who represented the defendants associated with the county jail.  According to Schneider, the state prison system banned the video CD as contraband, and he wanted to have a friend view the video for him.  He sought an extension of the deadline to respond to the defendants' summary judgment motion, and the magistrate judge granted an extension.  Schneider filed his pleadings opposing the summary judgment motion within the time allowed.  Schneider thus was given the opportunity he requested to have the video viewed before responding to the summary judgment motion.  His suggestion

that it was unfair to rely on the video when granting summary judgment is unavailing.

"A federal court has discretion to appoint counsel if doing so would advance the proper administration of justice." *Ulmer v. Chancellor,* 691 F.2d 209, 213 (5th Cir. 1982).  The magistrate judge should have considered four factors in ruling on a request for appointed counsel: "(1) the type and complexity of the case; (2) whether [Schneider] is capable of adequately presenting his case; (3) whether [Schneider] is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Id.* (internal citations omitted).

Schneider sought appointment of counsel to overcome limitations on his ability to conduct legal research and to vindicate his rights generally.  However, he was able to litigate his garden-variety excessive force claim through to summary judgment.  The denial of the motion for appointment of counsel was not an abuse of discretion. *See id.* at 213.

Finally, Schneider seeks appointment of counsel on appeal.  His case does not present exceptional circumstances warranting the appointment of counsel. *See Cupit v. Jones,* 835 F.2d 82, 86 (5th Cir. 1987).

AFFIRMED.  APPOINTMENT OF COUNSEL DENIED.