# United States Court of Appeals for the Fifth Circuit

_____

No. 24-40122

_____

Jerry Lenez Bangmon,

Plaintiff—Appellant,

versus

Calvin Tucker, *Senior Warden*; Christopher L. Norsworthy, *Assistant Warden*; Michael B. Crow, *Assistant Warden*; Patricia Banks, *Lieutenant*; Jefferey Dabney, *Sergeant*,

Defendants—Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:20-CV-435

_____

Before Wiener, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

Texas inmate Jerry Lenez Bangmon filed this *pro se* civil rights action against several prison officials, asserting Eighth Amendment excessive-force and deliberate-indifference claims. The district court granted summary judgment to the officials on qualified immunity grounds. Bangmon appealed,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40122

disputing the court's discovery decisions and its factual bases for dismissal. We AFFIRM.

## I.

This case arises from the alleged revocation of a medical restroom pass. In 2019, Bangmon confronted four Texas Department of Criminal Justice officials—Senior Warden Calvin Tucker, Assistant Wardens Christopher Norsworthy and Michael Crow, and Lieutenant Patricia Banks—to ask why they revoked it. He did not have permission to approach them. And he carried a walking cane with him "because he [wa]s a disabled inmate."

In response, the officials grabbed Bangmon's left wrist to handcuff him. Bangmon yelled that he had recently undergone left shoulder surgery and should not be cuffed behind his back. The officials proceeded to twist his arms behind his back and handcuffed him. Bangmon insists that the officials "tore the ligaments" in his shoulder—an injury that later forced him to undergo a second left shoulder surgery.

Once he was handcuffed, Sergeant Jefferey Dabney accompanied Bangmon to the infirmary. But the infirmary was busy with other inmates. So Bangmon was confined in a pre-hearing detention cell until he was seen by prison medical staff six days later.

This 42 U.S.C. § 1983 action followed.[1] Bangmon asserted Eighth Amendment claims, alleging that the officials used excessive force in handcuffing him behind his back and that Dabney was deliberately indifferent to his medical needs by confining him without treatment.

---

[1] When he pursued his claims below, Bangmon was represented by counsel. Counsel filed the notice of appeal with the district court. Counsel ceased representation once Bangmon's appeal began, on June 20, 2024.

2

No. 24-40122

The case was referred to a magistrate judge who recommended that Defendants' motion for summary judgment be granted. *See* 28 U.S.C. § 636. The district court adopted the magistrate judge's recommendation and granted the officials' summary judgment motion on qualified immunity grounds. In its view, Bangmon had not presented sufficient evidence for a jury to conclude that (1) the officials used excessive force or (2) Sergeant Dabney was deliberately indifferent to his medical needs. The district court also denied Bangmon's subsequent motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Bangmon timely appealed.

## II.

Bangmon now contends that the district court should not have granted summary judgment for two reasons. First, mistaken discovery decisions prevented the court from considering all relevant evidence. Second, there remain genuine issues for trial. We take each argument in turn.

## A.

Bangmon challenges three of the district court's discovery decisions. Those decisions are reviewed for abuse of discretion and will be affirmed unless they are "arbitrary or clearly unreasonable." *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 (5th Cir. 2000) (citation omitted).

First, Bangmon argues that the district court should have compelled the Defendants to produce video footage of their encounter—or sanctioned them for destroying it. But he did not raise these arguments with the district court until his Rule 59(e) motion. That is too late. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (explaining that Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued" (citation omitted)). So the district court was within its discretion to reject this argument in Bangmon's Rule 59(e) motion.

No. 24-40122

Second, Bangmon contends that the district court should not have requested a *Martinez* report from the Texas attorney general's office to aid in screening his complaint. There's no indication, however, that a *Martinez* report was ever ordered or produced. Bangmon's argument is thus inapplicable to this case.

Third, Bangmon claims that the district court should have forced the Defendants to present all medical records it disclosed during discovery. But he fails to explain why the *Defendants* were required to present all discovery material to the district court. They supported their summary judgment motion with some of Bangmon's medical records. It was *Bangmon's* burden to then establish a factual dispute for trial. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) ("If the movant does . . . meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."). He did not submit any medical records in response to the officials' summary judgment motion. So he has not identified any discovery error on the district court's part here.

**B.**

Notwithstanding, Bangmon insists that material fact questions remain regarding whether the officials violated his constitutional rights. He thus contends that the district court erred in dismissing his suit on qualified immunity grounds—at least at this summary-judgment stage. We review this argument *de novo*. *Virden v. City of Austin*, 127 F.4th 960, 965 (5th Cir. 2025).

"A qualified immunity defense alters the typical summary judgment burden of proof." *Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023) (per curiam). Usually, the officials—as movants for summary judgment—would be required to show that "there is no genuine issue of material fact" and they are "entitled to judgment as a matter of law." *Williams v. BP Expl. & Prod.,*

4

*Inc.*, No. 24-60095, 2025 WL 1904153, at *6 (5th Cir. July 10, 2025) (citation omitted). But in this qualified-immunity context, the officials assert the defense—and Bangmon must rebut it "by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

That said, we liberally construe Bangmon's filings. *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are to be liberally construed." (cleaned up)). We also "view the evidence and draw all inferences in a light most favorable" to him. *Luna*, 59 F.4th at 715. Still, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

Bangmon fails to rebut the Defendants' qualified-immunity defense.

Start with his excessive-force claim.

The parties disagree about some details of their encounter, and Bangmon emphasizes those disagreements on appeal. His point: The circumstances were such that *any* force was unwarranted.

But Bangmon failed to identify any *material* factual disputes.[2] The Supreme Court has held that "whenever prison officials stand accused of

---

[2] The Defendant officials concede that "Appellant's medical records cannot conclusively establish that Appellant suffered nothing more than a *de minimis* injury," which weighs in Bangmon's favor. However, a factual dispute on this one issue is not sufficient to save Bangmon from summary judgment on qualified immunity grounds—even if the injury was severe, "the extent of injury suffered by an inmate is one factor that may suggest" the use of force was unnecessary. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). We also note that Bangmon's contention that the officials' actions exacerbated a pre-existing injury is insufficient for him to overcome qualified immunity without showing a dispute of material fact as to excessive force. *See Schneider v. Kaelin*, 569 F. App'x 277, 280 (5th Cir.

using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6–7 (citation omitted). And three key facts are undisputed. First, Bangmon confronted the officials without permission. Second, Bangmon had previously accused the officials of "conspiring" against him to revoke his medical restroom pass. Third, Bangmon had a walking cane that could be used as a weapon against the officials. On these facts, we agree with the district court that the officials applied force "in a good faith effort to maintain or restore discipline." *Id.* at 6. And Bangmon has failed to show that the Defendants' actions constituted "improper behavior." *Lawrence v. Knighten*, 1994 WL 397704, at *4 (5th Cir. 1994) ("A prison is not a country club; prison officials often must make quick, decisive judgment calls in an effort to preserve order."). Bangmon's factual contentions do not satisfy the burden placed on him by Eighth Amendment excessive-force jurisprudence.

In response, Bangmon insists that he had an active medical pass that prohibited prison officials from handcuffing him behind his back. But the record ultimately reveals the contrary—his no-handcuff pass had expired. And a panel of this court has found that the absence of evidence of a no-handcuff pass supports affirming summary judgment in the context of an excessive force claim. *See McCreary v. Massey*, 366 F. App'x 516, 517–18 (5th Cir. 2010) (affirming summary judgment on an excessive-force claim against officials who exacerbated a pre-existing shoulder injury by handcuffing a prisoner behind his back when there was no evidence that the inmate had a front-handcuff-only pass).

---

2014) (per curiam) ("The justifiable, proportionate use of force depicted in the video was not rendered excessive solely because it might have exacerbated a preexisting condition.").

No. 24-40122

Even so, Bangmon points to his shoulder injury as evidence of *excessive* force. Yet "[i]njury and force . . . are only imperfectly correlated"—"and it is the latter that ultimately counts." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (per curiam). Bangmon never otherwise suggests that the officials used greater force than necessary to handcuff him. He thus failed to establish a genuine factual dispute, and the officials did not apply excessive force.

Turn now to his deliberate-indifference claim.

Bangmon argues that Sergeant Dabney ignored his pleas for medical attention. He adds—for the first time on appeal—that Dabney allowed medical staff to prioritize other inmates with injuries less severe than his.

These contentions fall short, too. There is no evidence indicating that Dabney had authority over prison medical staff or could control the order in which patients were treated. We also generally refrain from considering new arguments on appeal, *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (per curiam), and see no reason to deviate from that practice here. *See Berlanga v. Easterling*, 2021 WL 4533203, at *1 (5th Cir. Oct. 4, 2021) (per curiam) (unpublished) ("Even pro se litigants must brief arguments in order to preserve them.")

We AFFIRM.