United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 21, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 03-20249
Summary Calendar

ROSALIND BROWN,

Plaintiff-Appellant,

versus

THE CITY OF HOUSTON, TEXAS,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Appellant Rosalind Brown ("Brown"), a black female, asserts that the district court erred in granting summary judgment to the City of Houston ("the City") on her cause of action under 42 U.S.C. § 1981. We affirm.

## I. FACTS AND PROCEEDINGS

From 1989 to 1998, Brown worked for the City's Health and Human Services Department ("the Department") as a Sanitarian II, which required her to conduct inspections of restaurants to ensure they complied with City ordinances on food storage, preparation, and handling. On March 20, 1998, Chirag Bhatt ("Bhatt"), Division Manager of the Department, received a report from another Department employee that she saw Brown conducting personal business in a City vehicle during the

work day.[1] The City prohibits its employees from using City vehicles on City time to conduct personal business.[2] Brown's conduct violated this prohibition. Brown attempted to hide her misconduct by falsely stating that she had conducted two inspections during the time she was seen conducting personal business. This conduct violated other City policies and regulations.

On June 30, 1998, the Mayor placed Brown on indefinite suspension.[3] HOUSTON, TEX., CODE OF ORDINANCES § 14-182(a) (2002) ("The Mayor may, for just cause, indefinitely suspend, demote, reduce in pay, or temporarily suspend any civil service employee, which action shall be subject to review by the commission"). In accordance with City procedure, Brown appealed her indefinite suspension to the Civil Service Commission for Municipal Employees ("the Commission"). *See id.* § 14-182(c) ("[T]he employee shall retain the right of appeal to the commission . . . . After hearing the appeal, the commission shall either sustain the action, lessen the penalty, increase the penalty, or reject the action of the mayor, and the decision of the commission shall be final"). After holding a hearing, the Commission decided to permanently discharge Brown from employment with the City.

Brown filed suit in Texas state court, alleging that the City discriminated and retaliated against her for prior lawful conduct.[4] Subsequently, Brown amended her suit to include claims under Title

---

[1] Specifically, Brown was seen shopping at a McFrugals store from 2:45 pm to 3:20 pm on March 19, 1998.

[2] The City uses electronic devices known as "trackers" to ensure the proper use of City vehicles. Brown normally drove a City vehicle that had a tracker, but on March 19, Brown was driving a vehicle that did not have a tracker.

[3] The Mayor suspended Brown after Bhatt's investigation revealed the full extent of Brown's misconduct and Dr. Mary Kendrick recommended that Brown be placed on indefinite suspension.

[4] Specifically, Brown filed two complaints of discrimination with the Equal Employment Opportunity Commission (EEOC) in 1995 and 1997, and she complained to the Mayor about her

2

VII of the Civil Rights Act of 1967, the Texas Commission on Human Rights Act, and 42 U.S.C. § 1981. In response, the City removed the action to federal court. The district court dismissed all of Brown's claims except her cause of action under § 1981. The district court later granted summary judgment to the City on Brown's § 1981 claim, finding that: (1) the Commission, not the Mayor, was the policymaker because its decision to terminate Brown was final and unreviewable; and (2) Brown failed to show that the Commission terminated her because of her race or her complaints to the Mayor and the EEOC.

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo*. *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 335 (5th Cir. 1995) (en banc). Summary judgment is properly granted only when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. 56(c). We view the evidence and the inferences to be drawn therefrom in the light most favorable to the non-moving party. *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002).

## III. DISCUSSION

On appeal, Brown argues that the Mayor, not the Commission, was the policymaker. In particular, Brown alleges that she was terminated by the Mayor, and the Commission did not perform a meaningful review of his decision.

---

supervisor and alleged discrimination during a public meeting in April 1998. Neither Brown nor the City discuss her complaints to the EEOC and the Mayor in depth.

Under the City's Code of Ordinances, the Mayor only has the power to "indefinitely suspend, demote, reduce in pay, or temporarily suspend" City employees, not to terminate them. HOUSTON, TEX., CODE OF ORDINANCES § 14-182(a) (2002). All such actions taken by the Mayor are "subject to review by the [C]ommission." *Id.* The Commission makes the "final" decision to "sustain the action, lessen the penalty, increase the penalty, or reject the action of the mayor." *Id.* § 14-182(c).

In *Worsham v. City of Pasadena*, a construction-site inspector who was indefinitely suspended by the mayor and later reinstated by the city council sued the city under 42 U.S.C. § 1983, arguing that his suspension violated his constitutional rights. 881 F.2d 1336 (5th Cir. 1989). This Court held that:

> [N]o matter how much power an official has, no municipal liability exists if that official does not set the policy at issue . . . . [T]he employee must have *final* policymaking authority in that area.

*Id.* at 1340. The Court found that the mayor did not have final policymaking authority because a meaningful procedure existed for the review of the mayor's decision. *Id.* at 1341 n.9.

Similarly, the Mayor in this case did not have final policymaking authority to terminate Brown. Only the Commission had the authority to make the final decision to terminate her. For this reason, Brown's argument is without merit.

In *Hitt v. Connell*, this Court found that a constable who terminated a deputy constable had final policymaking authority, even though the constable's decision was subject to review by a civil service commission. 301 F.3d 240, 247-49 (5th Cir. 2002). Brown relies on *Hitt* to argue that the Mayor had final policymaking authority. However, the facts of this case and *Hitt* differ significantly. First, the constable in *Hitt* terminated the deputy constable, but the Mayor did not terminate Brown. *Id.* at 244-45. Instead, the Commission terminated her. Second, the civil service commission in *Hitt*

4

was not designated as the final decision-maker, but the Commission is designated as the final decision-maker by the City's Code of Ordinances. *Id.* at 248. Third, the Code gives the Commission "superintending responsibility over individual employment decisions" of the Mayor. *Id.* In contrast, the civil service commission in *Hitt* had no such responsibility. *Id.* In sum, our decision in this case is consistent with *Hitt. Stimpson v. City of Tuscaloosa*, 186 F.3d 1328 (11th Cir. 1999) (holding that civil service board was the final policymaker because Alabama law designated it as such); *Hitt*, 301 F.3d at 248 (contrasting the facts in *Hitt* with the facts in *Stimpson*).

Brown also argues that the review procedure in this case was not meaningful because the Commission refused to consider any evidence regarding her complaints to the Mayor and the EEOC. The Commission based its refusal on the fact that Brown's complaints had no bearing on whether she was guilty of the alleged misconduct. During Brown's hearing, a member of the Commission stated that "if she didn't do [it], it doesn't matter whether she has EEOC complaints or not. She should keep her job." Brown has provided no evidence that the review procedure was not meaningful; therefore, her second argument is also without merit.

## IV. CONCLUSION

For the aforementioned reasons, we affirm the judgment of the district court.