# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2012

Lyle W. Cayce
Clerk

No. 12-40319
Summary Calendar

MARIBEL LANDA VIVEROS; J.M., a minor,

Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CV-110

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellants Maribel Landa Viveros and J.M., her minor son appeal from the district court's final order that granted summary judgment in favor of the United States (the "Government"), and dismissed Appellants' case against the Government for violations under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2674. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40319

In May 2010, Appellants brought negligence and premises liability claims against the Government arising from the events surrounding Appellants' visit to the Brownsville Port of Entry (the "POE") located at the Brownsville-Matamoros International Bridge crossing in Brownsville, Texas (the "Crossing"). Appellants accompanied another family member to the POE at the Crossing for an FBI interview with regard to an unrelated criminal investigation. While there, J.M., a seven-year-old, developmentally-challenged boy with a history of seizures, went to the public men's restroom outside of the lobby waiting area. When J.M.'s mother went to check on him, she found him lying unconscious on the floor of the restroom with his pants and underwear pulled down to his ankles.

Appellants alleged that J.M. had been physically and sexually assaulted. Customs and Border Protection Officers as well as the Brownsville Police Department investigated Appellants' allegations and interviewed several witnesses, including a man J.M.'s mother identified as exiting the restroom immediately prior to her finding J.M. on the restroom floor. In addition, J.M. was interviewed by trained personnel from a local child victim advocacy center, and was physically examined at the hospital where a sexual assault kit was prepared. No arrest was made.

Pursuant to the FTCA, Appellants brought negligence and premises liability claims against the Government. Specifically, Appellants alleged that the Government had failed to take reasonable measures to provide security to prevent violent crimes to invitees, such as J.M.,[1] and that the Government knew or had reason to know of the unreasonable and foreseeable risk of harm to invitees. The Government moved for summary judgment, arguing that it did not

---

[1] As they did for the summary judgment motion, the Government assumes that Appellants were invitees for purposes of this appeal. Thus, since the parties agree in this regard, we likewise treat Appellants as invitees.

No. 12-40319

owe Appellants any duty to protect them from the criminal acts of third parties on its premises. The district court, agreeing with the Government and finding no genuine dispute of material fact as to the Government's actual knowledge or the foreseeability of the risk of harm, granted summary judgment in favor of the Government, thereby dismissing Appellants' case.

We have appellate jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment *de novo*, applying the same standard as the district court did. *See, e.g., Baker v. Putnal*, 75 F.3d 190, 197 (5th Cir. 1996). In doing so, "[w]e view the evidence and the inferences to be drawn therefrom in the light most favorable to the non-moving party." *Brown v. City of Hous., Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Id.* Moreover, "[t]he moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, admissions and affidavits on file indicate no genuine issue as to any material fact." *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000); *see also* FED. R. CIV. P. 56(a). Furthermore, "if the burden at trial rests on the non-movant, the movant must merely demonstrate an absence of evidentiary support in the record for the non-movant's case." *Westphal*, 230 F.3d at 174. "[O]nce the moving party meets its initial burden of pointing out the absence of a genuine issue for trial, the burden is on the nonmoving party to come forward with competent summary judgment evidence establishing the existence of a material factual dispute." *Clark v. Am.'s Favorite Chicken Co.,* 110 F.3d 295, 297 (5th Cir. 1997).

We agree with the parties and the district court that the Government's liability here under the FTCA depends on whether state law would impose liability upon a private party in the same circumstance as the Government here. *See* 28 U.S.C. §§ 1346(b), 2674. On appeal, Appellants challenge only the district

No. 12-40319

court's conclusion that they failed to raise a material fact issue regarding the foreseeability of this crime for premises liability purposes.

Under Texas law, a premises owner does not have a general duty to protect invitees from third-party criminal acts. *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998). Instead, it owes such a duty only where such crime is foreseeable. *Id.* Foreseeability requires not just the knowledge that crime can occur anywhere, but specific previous crimes at or near the premises sufficient to put the owner on notice of the need for security. *Id.* Appellants' evidence falls short of raising a fact issue under this standard.[2]

We have carefully considered the record in light of the parties' briefs and the legal standards described above. For substantially the same reasons as those set forth in the district court's thorough order, we affirm the judgment of the district court.

AFFIRMED.

---

[2] We agree with the district court that Appellants' reliance on *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762 (Tex. 2010) is misplaced. That case involved not a general claim that crime could be anticipated but rather a specific allegation of imminent known harm on the particular night in question when the bar management watched a drunken argument escalate over a long period of time without doing anything at all to protect innocent bystanders and, instead, simply sending everyone out the door at closing time. *Id.* at 768.