# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30398
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2019

Lyle W. Cayce
Clerk

BRENT MIRONELLE LEE, Individually and on behalf of his minor children real party in interest Jamal Lee real party in interest Bre'Unisty Lee,

Plaintiff - Appellant

v.

JASON ARD, Sheriff, In His Official Capacity as Sheriff of Livingston Parish; CARL CHILDERS, Sergeant,

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CV-23

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Brent Lee brought suit under Section 1983 and state law against the deputy sheriff who stopped him for a traffic violation and also against the sheriff. Lee claimed that the deputy allowed his canine to attack Lee unnecessarily for a prolonged period, leading to physical and emotional

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

injuries.  The district court granted summary judgment to the defendants on the basis that the claims were barred because Lee's conviction for resisting arrest that was based on the same incident had not been invalidated.  We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 11, 2016, in Denham Springs, Louisiana, Sergeant Carl Childers of the local sheriff's office sought to stop an automobile driven by Lee for failing to use a turn signal.  Lee did not immediately stop but instead continued to drive for approximately seven minutes.  When Lee finally did stop, he exited his automobile on foot and moved toward nearby houses.  At this point, Lee contends that Sergeant Childers caused his law-enforcement canine to attack Lee "viciously" for an "excessive amount of time."  Among other offenses, Lee was charged with resisting an officer.  *See* LA. STAT. ANN. § 14:108.

On January 11, 2017, Lee, individually and on behalf of his minor children, Jamal Lee and Bre'Unisty Lee, filed suit against Livingston Parrish Sheriff Jason Ard and Sergeant Childers in the United States District Court for the Middle District of Louisiana.  Lee brought claims under 42 U.S.C. § 1983 and various Louisiana state laws.  The district court dismissed all official-capacity claims against Sheriff Ard and Sergeant Childers with prejudice, dismissed the Section 1983 individual-capacity claim against Sergeant Childers for the initial release of the canine, and held that all other claims remained properly before the court.

After this order of partial dismissal, Lee notified the district court and the defendants that he pled guilty to the criminal charges against him, including resisting an officer. The defendants moved for summary judgment on all the remaining claims, arguing that because Lee pled guilty to the

No. 19-30398

charges against him, his claims arising from the same events that underlay his conviction must be dismissed. The district court granted summary judgment to defendants. This timely appeal followed.

DISCUSSION

We review a grant of summary judgment *de novo*. *Brown v. City of Houston,* 337 F.3d 539, 540 (5th Cir. 2003). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We construe evidence in the light most favorable to the nonmoving party, but "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown*, 337 F.3d at 541.

A plaintiff cannot use a Section 1983 suit in a manner that questions the validity of his conviction unless he shows that the conviction has been reversed or invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). We have held that if judgment for the plaintiff on a Section 1983 claim "would necessarily imply the invalidity of his conviction or sentence," then the claim is *Heck* barred. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008). Because an excessive-force claim that describes "a single violent encounter" in which the plaintiff insists he was an innocent party would undermine the claimant's resisting-arrest conviction, *Heck* applies and bars the claim. *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656–57 (5th Cir. 2007).

An excessive-force claim is not *Heck* barred, however, if it is "temporally and conceptually distinct" from the conviction. *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008). A claim that excessive force occurred after the arrestee submitted to the officer and stopped resisting "would not necessarily imply the invalidity of a conviction for the earlier resistance." *Id.* Lee argues that his

claims are distinct in the manner recognized in *Bush*. The argument fails unless Lee presented some evidence to create a fact issue that he was subjected to excessive force after he surrendered to Sergeant Childers.

We start with what Lee alleges in his complaint. He describes an event in which officers "attempted to initiate a traffic stop," and Sergeant Childers released his canine "to assist with the arrest." The complaint makes no mention of Lee's resistance and therefore does not support that his resistance ended prior to the alleged use of excessive force. With regard to evidence, Lee stated in his deposition that he did not use physical force at any time during the underlying incident.[1] An assertion in a Section 1983 suit that a person is innocent of the conduct that underlies his extant conviction leaves no place for a temporal division between the initial resistance supporting the conviction and the officer's later use of excessive force. *DeLeon*, 488 F.3d at 657. Thus, Lee's claim is inconsistent with his conviction and barred by *Heck*. *Id.*

Lee's state-tort claims are also barred because such a suit "is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." *Id.* at 652.

AFFIRMED.

---

[1] We acknowledge that Lee appears to admit some resistance in his statement of undisputed facts. Such assertions are not evidence, and here they constitute an improper impeachment of what Lee had previously claimed in his pleadings and testified in his deposition. They do not create a fact issue.