# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2022

No. 22-50202
Summary Calendar

Lyle W. Cayce
Clerk

Officer Mary Teague, formerly known as Mary
Werchan,

*Plaintiff—Appellant*,

*versus*

Williamson County,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-1098

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Plaintiff Mary Teague ("Teague") worked as a deputy for the Williamson County Sheriff's Office ("Williamson County") from January 2011 until her honorable discharge in November 2013. Teague later applied

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50202

to work for the Travis County Constable Precinct Two ("Travis County") in 2016 and the Giddings Police Department ("Giddings") in 2017, but neither department hired her. Teague claims that Williamson County retaliated against her by providing negative references to Travis County and Giddings in violation of Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act ("TCHRA").

The district court granted Williamson County's motion for summary judgment as to these claims. Applying the elements of a prima facie retaliation claim,[1] the district court concluded that Teague failed to satisfy the second prong: an adverse employment action. While the provision of a negative reference may form the basis of a retaliation claim, the district court found that Teague offered no competent summary judgment evidence that Williamson County provided a negative reference to either Travis County or Giddings.

We review a district court's grant of summary judgment de novo. *Brown v. City of Houston, Tex.*, 337 F.3d 539, 540 (5th Cir. 2003). We view the evidence and the inferences to be drawn therefrom in the light most favorable to the non-moving party. *Id.* at 541. As a corollary, unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment. *Id.*

The factual background of this appeal is sufficiently set forth in the district court's order, and we incorporate it here by reference.

---

[1] To make a prima facie retaliation claim, Teague must demonstrate that: "(1) [she] engaged in a protected activity pursuant to one of the statutes, (2) an adverse employment action occurred, and (3) there exists a causal link connecting the protected activity to the adverse employment action." *Badgerow v. REJ Properties, Inc.*, 974 F.3d 610, 618 (5th Cir. 2020). The elements are identical for a retaliation claim under TCHRA. *Gorman v. Verizon Wireless Texas, L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014).

No. 22-50202

On appeal, Teague argues there is a genuine issue of material fact as to whether Williamson County provided a negative reference to Travis County and Giddings. As in her briefing before the district court, Teague premises this argument on Texas Government Code § 614.023. Section 614.023 provides that a signed complaint must be given to a law enforcement officer within a reasonable time and no disciplinary action may be taken against the officer unless the signed complaint is given. Tex. Gov't Code § 614.023(a)-(b). Additionally, an officer may not be indefinitely suspended or terminated unless the complaint is investigated and there is evidence to prove the allegation of misconduct. *Id.* § 614.023(c). The district court found this provision "inapplicable to the current case given that neither party contends that Teague ever sustained a complaint while employed at Williamson County or that Williamson County told Teague's prospective employers that she had." Teague disputes this finding and repeatedly asserts in her briefing that she was subject to three sustained misconduct complaints for insubordination, endangerment, and untruthfulness during her employment at Williamson County. She then insists that because she had complaints lodged against her, she should have been afforded the procedural protections of section 614.023. As Williamson County points out, there is simply no record evidence of these complaints. To the contrary, Williamson County's Internal Affairs Lieutenant Storey Sherouse confirmed that the investigation of another officer in which Teague served as a witness was not punitive against Teague and did not involve investigations of Teague for any policy violations. According to Williamson County's form memorializing Teague's honorable discharge, she "[r]etired, resigned, or separated from employment with or died while employed by a law enforcement agency while in good standing and not because of pending or final disciplinary actions or a documented performance problem." On this record, any claim that Teague was indeed subject to a disciplinary complaint is unsupported speculation

and insufficient to defeat a motion for summary judgment. *See Brown*, 337 F.3d at 541. Additionally, Teague alleged in her First Amended Complaint that "no reprimands or disciplinary proceedings were ever conducted against Officer Teague during her employment with [Williamson County]." Teague is bound by the allegations in her live pleading, and she may not now seek factual findings that would contradict them. *Davis v. A.G. Edwards & Sons, Inc.,* 823 F.2d 105 (5th Cir. 1987) ("Factual assertions in pleadings are judicial admissions conclusively binding on the party that made them.").

Teague's arguments based on section 614.023 are unavailing. After carefully reviewing the record and the remaining issues raised on appeal, we agree with the district court that Teague has failed to present summary judgment evidence to establish the second element of her retaliation claims. Therefore, we AFFIRM for the reasons discussed above in addition to the reasons set forth by the district court, and we incorporate its order in full by reference.

AFFIRMED.