# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2023

Lyle W. Cayce
Clerk

No. 22-60405
Summary Calendar

Shondra Gathings,

*Plaintiff—Appellant*,

*versus*

Mississippi Department of Rehabilitation Services,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-cv-709

Before Clement, Willett, and Wilson, *Circuit Judges*.

Per Curiam:*

Shondra Gathings alleges that her employer, the Mississippi Department of Rehabilitation Services, discriminated against her by not appointing her as its Director of Client Services. The district court granted summary judgment because Gathings failed to demonstrate a prima facie case in which she suffered from racial discrimination. We AFFIRM.

---

*This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60405

I

The Department hired Gathings, an African American woman, in 2008. Over the years, she has earned multiple promotions and earned a master's degree. When Gathings resigned from the Department in 2021, she served as a District Manager. Gathings demonstrated interest in further promotions, applying, but being rejected for, a Regional Director position multiple times.

In July 2019, Kevin Bishop was promoted to Deputy Administrator over Workforce Programs, leaving a vacancy in his prior role, Director of Client Services. Bishop recommended Carol Elrod—Gathings' white comparator in this litigation—for his old job. Elrod subsequently received her promotion to Director of Client Services. Of note, the Director of Client Services is an appointed government official, not a member of the state civil service. This classification means that the opening was non-competitive and did not require public posting, as is usually the case for government employment under Mississippi's job advertising requirements. *See* Miss. Code Ann. § 25-9-107(c)(xvi).

Gathings filed a complaint with the EEOC, claiming that the Department did not promote her to the Director of Client Services position because of her race. The U.S. Department of Justice issued a right-to-sue letter, and Appellant filed suit with a coworker in federal court seeking relief under several race discrimination theories. The district court first dismissed all the claims unrelated to Elrod's promotion to the Director of Client Services role. Then, after discovery, it granted the Department's motion for summary judgment. In its order, the district court concluded that Gathings could not sustain a claim under 42 U.S.C. § 1981 against a state government agency, that she failed to establish a prima facie case that she was the victim of racial discrimination, or that, in the alternative, Gathings was unable to

show that the Department's stated reasons for why it did not promote her were pretextual. On appeal, Gathings abandons her § 1981 claim and the claims the district court dismissed in its order granting the motion to dismiss, limiting her challenge to the conclusion that she has failed to demonstrate a prima facie case and that any reasons for the alleged discrimination were pretextual.

## II

We review the district court's grant of summary judgment de novo, applying the same standard used by the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We view the evidence and draw all inferences in a light most favorable to the nonmovant; however, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003).

## III

In suits under Title VII alleging an employer's failure to hire or promote, a plaintiff must demonstrate a prima facie case by offering evidence that she: (1) is a member of a protected class; (2) was qualified and applied for a position; (3) was rejected; and (4) was passed over by the employer so it could promote, hire, or continue to seek a person of a non-protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 412 (5th Cir. 2007).

> The requirement that an employee must apply for the position at issue is interpreted to accommodate various situations. For instance, an employee does not need to apply to establish a

prima facie case when the position was not publicized. Instead, the employee must show that the company had a duty or reason to consider her for the position.

*Johnson v. Louisiana*, 351 F.3d 616, 622 (5th Cir. 2003).

It is undisputed that the Director of Client Services position was not advertised. Thus, Gathings needs only show that the Department had a reason or duty to consider her for that role. The district court found that Gathings had failed to provide evidence that such reasons or duties existed. Specifically, the court pointed to the absence of any communication between Gathings and the Department about her interest in the job. It also found that she had not shown any reason she should have expected to be considered for the director role.

Gathings argues that the Department concealed the job opening from her by failing to advertise the job, that she was exceptionally well qualified for the role, and that, regardless, she could not have communicated interest in a position she did not know was available at the time. These arguments are correct insofar as they go. However, we agree with the district court that the Department's failure to seek candidates for an appointed, policymaking, non-competitive, non-civil service position is not a reason it had to consider her as a candidate. Ultimately, the only evidence Gathings can point to is that she did not get considered to be an appointed government official. This alone does not suggest any form of racial discrimination.

## IV

Gathings has failed to demonstrate a prima facie case that she is the victim of racial discrimination. Therefore, we need not address whether the state's explanations for its actions were a pretext for discrimination. We AFFIRM.