# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2023

Lyle W. Cayce
Clerk

———————

No. 22-10884

———————

DALPARK PARTNERS, LIMITED,

*Plaintiff—Appellant*,

*versus*

VERUS MANAGEMENT ONE, L.L.C.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-965

_____

Before WIENER, GRAVES, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Dalpark Partners, Limited ("Dalpark") alleges that Verus Management One, LLC ("Verus") trespassed on its property by authorizing a third party, AT&T, to install equipment beyond the parties' lease agreement. However, its claim requires proof of physical entry, which Dalpark does not offer. Thus, the district court granted summary judgment in favor of Verus. We agree and AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-10884

**I.**

Dalpark purchased a parking garage in Dallas, Texas. Along with the property came the rights to an existing lease agreement (the "Lease") covering a portion of the garage. AT&T remains the sole tenant of this Lease and uses the leased space (the "Premises") to install equipment for its business.

In 2006, Dalpark assigned its interest in the Lease to Verus for agreed-upon consideration (the "Assignment"). In executing the Assignment, Dalpark agreed to "allow [Verus] to modify, . . . expand or refurbish the equipment" on the Premises "at any time" during the Lease's term. In 2011, Dalpark and Verus amended the Assignment, reaffirming the same rights.

Over the next four years, Verus and AT&T executed several amendments without consulting Dalpark. In essence, the amendments allowed AT&T to "modify" the equipment already installed on the Premises. None of the amendments authorized AT&T to install more antennas on the Premises. Nor was AT&T allowed to install equipment outside the stipulated Premises.

Asserting that Verus and AT&T executed the amendments without its consent, Dalpark sued Verus for trespass.[1] Verus moved for summary judgment, and the court granted its motion, holding that (1) Dalpark did not provide sufficient evidence demonstrating physical entry on the property by AT&T equipment and (2) no reasonable jury could conclude that Verus intentionally authorized AT&T's alleged trespass. Dalpark timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

---

[1] While initially asserting claims for slander of title and conversion, Dalpark ultimately abandoned both claims and instead alleged trespass. Thus, trespass was the only issue before the district court in this case.

## II.

We review *de novo* the district court's grant of summary judgment. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017) (citation omitted). We will affirm if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Further, all evidence will be viewed "in the light most favorable to the nonmoving party and all reasonable inferences" will be drawn in that party's favor. *Austin*, 864 F.3d at 328-29. However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003).

## III.

Texas law provides three elements to trespass: "(1) entry (2) onto the property of another (3) without the property owner's consent or authorization." *Env't Processing Sys., L.C. v. FPL Farming Ltd.*, 457 S.W.3d 414, 419 (Tex. 2015). In dispute here are elements (1) and (3). Dalpark has not provided sufficient evidence to prove either element.

### (1)

Dalpark's claim does not depend on Verus, by and of itself, physically trespassing on the property. Rather, Dalpark mainly contends that Verus urged AT&T's trespass through "unauthorized amendments" to the Lease.

In making this argument, Dalpark neglects to prove one fundamental element of the claim: physical entry. Dalpark does not identify any physical intrusion, beyond the defined Premises, by any AT&T equipment. Nor can we find anything in the record. And Texas law requires "some *physical* entry" before that entry is deemed a trespass. *R.R. Comm'n of Tex. v.*

No. 22-10884

*Manziel*, 361 S.W.2d 560, 567 (Tex. 1962) (emphasis added). Thus, Dalpark's claim fails on the first element.

**(2)**

Because Dalpark cannot prove the first element of its claim, we need not address the third: whether Verus authorized the alleged trespass without Dalpark's consent. In any event, Dalpark also fails to provide sufficient proof for this element.

Under Texas law, defendants may be liable for trespass, without personally participating in the physical entry, if they "intentionally cause[] a third person" to trespass. *Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex. App.—Fort Worth 2006, pet. denied). Dalpark contends that Verus's amendments to the Lease suffice to indicate such intent. We disagree.

Dalpark offers no evidence to help ascertain what is genuinely being authorized by the amendments. Further, the language in the Assignment is clear: Dalpark contractually agreed to "allow [Verus] to modify" the equipment on the Premises. Verus abided by these terms, and no competent evidence in the record suggests the contrary.

**IV.**

It is indisputably true that summary judgment is about the evidence. Dalpark has offered us none. The district court's grant of summary judgment is thus AFFIRMED.